I'm Greg Silvey and I represent the appellant Jerome Loew. I have been advised that I don't have to use all of my time today. We'll see if that's a possibility or not. I do have the dubious honor of bringing to you your first case of the work week. Just an absolute bizarre one, at least by Idaho standards. Interstate stalking for the people behind me who don't know. I have three main points I would like to make. I guess I'll start you with one of the most bizarre aspects of what is a bizarre case. I'll start with the end of the restraint of victim enhancement. As we briefed extensively, there were two grounds for this. One was the kidnapping and sexual assault of the victim by appellant's friend. And the judge held appellant responsible for that and even the government on appeal I think is conceding that the actual kidnapping and sexual assault was not foreseeable and that was not correct. However, the government argues that the appellant did not have to foresee the kidnapping and the sexual assault as long as it was foreseeable that any amount of physical restraint would occur as part of his having his friend threaten the victim. The district court did make a finding at sentencing that the defendant procured the intimidation of the victim by instructing the friend to do something, correct? Correct. To threaten. To threaten to put some heat on her, to get her to drop the charges. But given that factual finding, why is it such a stretch for the district court to hold Mr. Lowe responsible for the manner in which his accomplice completed the mission? That's exactly where I was going with that. And I guess the manner to me, I mean under the guidelines, the acts one is foreseeable or is responsible for are ones that are reasonably foreseeable. So it's not that he just has to foresee that some physical restraint will be used. He has to foresee that this physical restraint was used to be responsible. But counsel, the problem I'm having with your argument in light of the record, which I agree with you is an egregious one with regard to stalking and threats to the victim, your client had essentially threatened harm directly to the victim on any number of occasions when he found out that she'd gone to the police. He was attempting to dissuade her from further cooperating with the authorities in his prosecution. I just don't see why it is not foreseeable that where you direct this accomplice to do what he did, that some sort of restraint or harm could have ensued if that's your object. Well, and that's the exact point, the some sort of restraint. Let me pull out an analogy, I guess. A lot of the case law that both sides cited comes out of the Ninth Circuit cases on bank robberies and restraints. And one of them, and I don't remember which one, talks about physical restraint of pointing a gun at a teller. The takeover robbery where you put everybody on the floor. Yeah, I mean, that is foreseeable. And in fact, that's how armed bank robbery works. So in that context, you don't get the bump, the enhancement, because that's just part and parcel of the crime. That's not really my point. But so for a bank robbery, it is foreseeable there will be physical restraint. So what if I am going to rob a bank with my cohort here, we're tired of our appellate practices, and we leave here and we go to rob a bank, and as we're walking in with our guns, without having ever mentioned it, I spin off and go into the adjoining elementary school, hold a bunch of kids hostage, tie them up, and extort and call the bank and say, I'm going to kill a kid now or until you give me your money. So even though physical restraint was necessarily foreseeable in an armed bank robbery, the physical restraint that I, as a co-conspirator, chose to perform was not. Well, I mean, we're sort of back to Paul's graph, aren't we? I mean, the question is, how attenuated does it have to be before we say there's a break in causation? But let me ask a harder question. In light of the PROTECT Act, what difference does it make? If we conclude that the sentence was neither too high nor too low, then even if the district court erred on the restraint enhancement, aren't we done? Well, that's interesting because, I mean... It's an issue that's raised in the case. Well, actually, I just challenged the sentence as procedurally unreasonable, not substantively unreasonable. So I don't ask this court to look at everything and ask and declare that 180 months is fine. I am asking this court to say the way that the judge got to this point... Because you're saying, as I understand it, the enhancement was wrong, so the guidelines calculation was wrong, and that's a significant procedural error. But let me ask you my own hypothetical. Let's assume that Mr. Lowe told his friend, take this green rope. I want you to take this green rope and tie the victim up when you threaten her. Okay, and then the guy doesn't use the green rope. He uses a black rope or a blue rope. Are you saying that that's not foreseeable? That you've got to have every detail right? No, but there he at least signed up for the tying her up. Okay, so let's say he doesn't say tie her up. He just says, I want you to meet with her and I want you to do whatever you have to do to deter her from giving her testimony. Okay, now that's interesting because when you go to the guideline in the commentary, it says in part of determining what's reasonably foreseeable, you look at the explicit agreement and the implicit agreement between the co-conspirators and what they've agreed to do. And part of this, and I did brief it, is Lowe, for all his bizarre behavior throughout this, never touched the victim. Before this he never did. After this the case went on for months and months and months. Other than the fact that he grabbed the keys from her, which necessarily included some force in order to... Which is our other fascinating legal issue. But I mean, it's not accurate to say that he never touched her. He did. Well, okay, he touched the keys in her hand. I mean, he physically removed them from her hands. I mean, that's technically a forcible assault. Okay, so with that exception, I mean, he didn't, despite everything that's alleged, he never upped that ante to where he is... The district court found in sentencing a pattern of escalating behavior here over a 30-year period. Having read the record in this case, I'd be hard-pressed to say that the district court committed clear error in that factual finding. I'm really concerned about where Mr. Lowe is going with his life. We're very lucky that you're not here defending an interstate stalking and murder case. Well, let me ask this question to turn this around. No, no, we ask the question. Oh, that's right. I actually said to turn this around, and I wanted to see how that would go. You can pose a return question to yourself. Okay, I read the government's brief as conceding that it was not the kidnapping, so ignore how it's done. We'll ask Mr. Friedman about whether or not he concedes. Okay, that's your turn. So the question becomes, if the kidnap... Okay, let me try another analogy, a different approach to this. Say it is not... Okay, my position is, even if some physical restraint could be foreseen, that the fact that the manner in which it happened, it happened as part of the kidnapping. The physical restraint's part of the kidnapping, not part of the threat. Assuming this is a true premise and, therefore, the kidnap... I'm trying to approach it from the kidnapping and sexual assault is not foreseeable. So let me clean the facts up a little bit. I'm not saying this happened, but say somebody says, go threaten her, and he walks up and it's just an absolute forcible rape, and so there's no kidnapping, there's no this. And so physical restraint is part of the rape, but I'm saying that you can't... There's no line of demarcation that says, because he grabbed her or held her, which would be a foreseeable physical restraint in a vacuum, if there was then from a threat, which was then no rape. It kind of merges into the rape. It does not just independently exist as a physical restraint that exists as part of the threat. So I understand there's a nuance here, but I just don't believe that with our reasonably foreseeable language in the guidelines, that one just becomes responsible for the worst possible thing that could happen coming out of... Let me just suggest you should make your own decision about how you allocate your time. If you want to make a rebuttal argument, stop short of that. Then I'll stop short. On that point, I'll stop short, because thank you. Okay, thank you. Okay, Mr. Friedman, we'll get the view of the government, please. Good morning, Your Honors. I'm Richard Friedman with the Appellate Section of the Criminal Division. First to address what is the government's argument here. We do not believe, as a matter of law, that the defendant has to foresee the particular type of restraint. If it was reasonably foreseeable that there would be some physical restraint, forcible restraint involved in carrying out the threat, which is conceded, I think, that the Tyndale was instructed and induced by the defendant to threaten the victim. And if it was reasonably foreseeable as part of that threat that there would be any physical restraint, we think that the adjustment applies. And we would also ask the Court to be mindful of the standard of review. The legal question is what I just presented. But then the factual question, reviewed for clear error, is did he induce Tyndale to threaten? And then the question is, is the reasonable foreseeability of some physical restraint, that's subject to an abuse of discretion, applying the facts to the legal standard. So if we are correct on the legal standard that there need only be reasonable foreseeability of some kind of physical restraint, we feel the district court certainly did not abuse its discretion by finding that if you induce someone to threaten somebody to accomplish an objective, it is reasonably foreseeable that that will involve some kind of physical restraint. All right. Now, what does that restraint, does it have to have any particular content? Let's say Tyndale says to her, don't testify. Furthermore, while I'm talking to you, don't move from this spot. You know, if you move an inch, I'm shooting you or something. That right under the Thompson case, which is a bank robbery gun case, that's forcible restraint. So it doesn't have to be tying them up or some particular means. It's just, is the defendant responsible for restraining her freedom of action? Yes, and we believe the court cases have decided that the word physical in the phrase physical restraint doesn't necessarily mean that the defendant took physical hold of the victim, which you don't do when you point a gun at somebody, but rather that the victim felt physically restrained, as is what happens when somebody points a gun at you and you feel physically you can't run away. Well, I mean, he did kidnap her from her home. No question. And he imprisoned her in the vehicle and took her to the lake. And at some point during the process, he tied her up, so. There's no question that on the facts of this case, there was a physical restraint. I was addressing. No, I understand. Does the court have further questions on the sentencing? Well, other than can you address my Protect Act question? Well, the defendant here has challenged the procedural regularity. Now, what the district court said was that there was a, it found a certain guideline range, and then it adjusted upward based on departures. And then the court said, even if I hadn't made these departures, I would vary upward from the calculated guideline range to get to 180 months. The district court did not say, regardless of the use of force adjustment, I would still go to 180 months. If he had said that, then there would be a harmless error question, and it might be irrelevant that he made an erroneous guideline calculation. But in this particular case, on this particular record, the district court based its sentence on a certain guideline calculation. And therefore, if the defendant succeeded in showing that the guideline calculation was wrong, the appropriate course is to remand, although on remand the court might still justify the same sentence. Okay. So if I could state another way in my own words, if the guideline calculation was wrong because the enhancement shouldn't have been made, then you would agree there's a significant procedural error that requires a resentencing? Yes. Does the court have any questions on the jury instruction issue, the duplicitousness issue? We'd be happy to address them. I'm fine with the briefs. I'm fine on the briefs. We yield the balance of our time to the court. Thank you. Okay. All right. Mr. Silvey. Thank you. I am going to ask the court questions based on counsel's comments. I am going to quickly move over to the jury instruction issue, and I will run out of time, so I'm just going to try to get out as much as I can here. Counsel, that's not a proper reply. It wasn't argued by the government. All right. You're on the reply side of the case. Okay. I will just stick with the sentencing then. We understand your argument on that from the briefs. Okay. Well, thank you. Thank you. I know that it was addressed that counsel was talking about forcible restraint, what does it take to forcibly restrain someone, that they feel that they are restrained based on, I guess, force. And in this case, in our car keys example, as I read, and I produced this in supplemental excerpts about what the victim said, he takes the keys and she says, and I had to think, do I get out of here now? I have a spare key, but I don't have my car keys. I view that. I'm sorry, what? Car keys. Thank you. And I know there's one of these cases that we both cite in all the briefs that says, what does physical mean? And to some extent, everything that happens in our material world is physical. We actually need to get to physical restraint. And so I interpret this as, number one, I believe it's an interpretation of law, so it's de novo review. It's not abuse standard. But this is more of a possessory crime. Right. Well, you have a pretty good argument, I think, on the car keys, at least from my point of view. But still, if we think Mr. Lowe is responsible for Mr. Tyndale restraining her, then it doesn't matter, right? That's correct. And so I guess to go back to that, to the kidnapping, I'd have to say is the government's argument is just simply inconsistent with the language of the guidelines that says, or the commentary, which says that one is responsible for the reasonably foreseeable acts. The problem is, I mean, we can have this argument in the abstract, but I'm having a very difficult time squaring your argument with the record. I mean, we have a judge who sat through a week-long trial where the sole focus of the evidence was on the defendant's attempts to intimidate or dominate the victim through his stalking activities. And then he threatens her expressly several times in telephone conversations, overheard by the police, when he finds out that she's gone to the police. And then he asked Tyndale to do something about it. I just don't see why it's such a stretch for the district court to conclude that that is foreseeable as a matter of law, given all of the behavior that Mr. Lowe engaged in. Because the behavior didn't include snatching her, tying her up, or sexually assaulting her. When he basically tells her, you just sealed your fate on all the things that he said to her, that could encompass a variety of very nasty things. And kidnapping, rape, and restraint are certainly included in the checklist of the bad things that could follow from that kind of a statement. But from a timeline, that comment came about four months after the kidnapping. So that's part of, for the months before the kidnapping, he never kidnapped her. For the months after the kidnapping, he never kidnapped her. And again, notwithstanding, what does touching her mean? Notwithstanding the car keys, he never touched her. Okay, Mr. Silver, your time's up. If you still have further response to Judge Tallman's question, or if either of my colleagues have other questions, we'll go longer. I think he answered my question. Okay. All right. Thank you. Thank you. It's a very nice argument from both sides. We appreciate it. The low case shall be submitted.
judges: Beezer, Gould, Tallman